IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY GILLIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL ACTION |
| vs. | ) |
| | )   FILE No. |
| PAYLIM CORPORATION and | ) |
| PORTER FAMILY GST REAL | ) |
| ESTATE, LLC, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

COMES NOW, ANTHONY GILLIHAN, by and through the undersigned counsel, and files this, his Complaint against Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

# JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## **PARTIES**

2. Plaintiff ANTHONY GILLIHAN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, PAYLIM CORPORATION (hereinafter "PAYLIM CORPORATION"), is a Texas corporation that who transacts business in the State of Texas and within this judicial district.

8. Defendant, PAYLIM CORPORATION, may be properly served with process via its registered agent for service, to wit: Sopheap Paylim, Registered Agent, 2105 Woodbury Place, Richardson, TX 75082.

9. Defendant, PORTER FAMILY GST REAL ESTATE, LLC (hereinafter

"PORTER FAMILY GST REAL ESTATE, LLC") is a Texas limited liability corporation that transacts business in the State of Texas and within this judicial district.

10.     Defendant, PORTER FAMILY GST REAL ESTATE, LLC, may be properly served with process via its registered agent for service, to wit:  Mark Cason, Registered Agent, 12160 Abrams Road, Suite 509, LB 30 Dallas, TX  75243.

## FACTUAL ALLEGATIONS

11.     On or about December 11, 2018, Plaintiff was a customer at "The Diner of Dallas," a business located at 3330 Belt Line Road, Dallas, TX  75234, referenced herein as the "The Diner."

12.     PAYLIM CORPORATION is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

13.     PORTER FAMILY GST REAL ESTATE, LLC is the owner or co-owner of the real property and improvements that The Diner is situated upon and that is the subject of this action, referenced herein as the "Property."

14.     Plaintiff lives 4 miles from The Diner and the Property.

15.     Plaintiff's access to the business(es) located at 3330 Belt Line Road, Dallas, TX 75234, Dallas County Property Appraiser's parcel identification number 24014500010070000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, are compelled to remove the physical barriers to access and correct the ADA violations that exist at The Diner and the Facility and the Property, including those set forth in this Complaint.

16. Plaintiff has visited The Diner and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting The Diner and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and The Diner and the Property are accessible again. The purpose of the revisit is to be a regular customer, to determine if and when The Diner and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends on revisiting The Diner and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18. Plaintiff travelled to The Diner and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at The Diner and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at The Diner and the Property.

### COUNT I
### VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

    21.    Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    * * * * *

    (iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

    22.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. The Diner is a public accommodation and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. The Diner must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed The Diner and the Property in his capacity as a customer of The Diner and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at The Diner and the Property that preclude and/or limit his access to The Diner and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit The Diner and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at The

Diner and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at The Diner and the Property that preclude and/or limit his access to The Diner and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of The Diner and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, are compelled to remove all physical barriers that exist at The Diner and the Property, including those specifically set forth herein, and make The Diner and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access The Diner and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of The Diner and the Property include, but are not limited to:

    **(a)**     **ACCESSIBLE ELEMENTS:**

(i) There are no accessible parking spaces that have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(ii) One or more accessible parking spaces have excessive vertical rises, are not level and therefore in violation of Section 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route and due to the design of the parking lot and associated accessible routes, cars routinely pull up all the way to the curb and the "nose" of the car extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 and 502.7 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(iv) None of the counter-area dining surfaces provided for consumption of food or drink complies with Section 902.2 requiring a clear floor space complying with 305 positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards. As a result of this violation, Plaintiff was unable to sit at the counter which has a unique décor and functionality.

(v) There are two accessible parking spaces that are not located on the shortest distance to the accessible route leading to the accessible entrances in violation of

        Section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(i) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii) The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iv) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) The height of the sink exceeds the maximum height from the finished floor in violation of Section 606.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

    (vi)    The restroom lacks a toilet compartment compliant with section 604.8.1 due to the lack of adequate size. This violation made it difficult for Plaintiff to utilize the restroom toilet due to his disability.

    (vii)    The accessible restroom stall lacks 60 inch width and is in violation of section 604.3.1 of the 2010 ADAAG standards.

    (viii)    The restrooms lack an accessible toilet compartment compliant with section 604.8.1 of the 2010 ADAAG Standards, this failure to have an accessible toilet stall is a violation of section 213.3.1.

35. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at The Diner and the Property.

36. Plaintiff requires an inspection of The Diner and the Property in order to determine all of the discriminatory conditions present at The Diner and the Property in violation of the ADA.

37. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38. All of the violations alleged herein are readily achievable to modify to bring The Diner and the Property into compliance with the ADA.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at The Diner and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and

dangerous conditions present at The Diner and the Property is readily achievable because Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, have the financial resources to make the necessary modifications.

41. Upon information and good faith belief, The Diner and the Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at The Diner and the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, to modify The Diner and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, PAYLIM CORPORATION, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, PORTER FAMILY GST REAL ESTATE, LLC, in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, PAYLIM CORPORATION and PORTER FAMILY GST REAL ESTATE, LLC, to (i) remove the physical barriers to access and (ii) alter the The Diner and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 21, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A

Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY GILLIHAN